UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADVANCED SURGICAL                                           REPORT AND
UROLOGY, P.C., et al.,                                      RECOMMENDATION
                           Plaintiffs,

              - against -                                 19-CV-4889 (DLI) (JO)

CITIZENS INSURANCE
COMPANY OF AMERICA,
                           Defendant.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Defendant Citizens Insurance Company of America ("CIC") seeks an award of attorneys' fees and costs as a sanction against the plaintiffs, Advanced Surgical Urology, P.C. and Dr. Alexander Marinbakh, for their failure to prosecute this case after CIC removed it to this court. Upon a referral from the Honorable Dora L. Irizarry, United States District Judge, I now make this report and, for the reasons that follow, respectfully recommend that the court award CIC a total of $9,027.00.

I.    Background

       On July 30, 2019, the plaintiffs filed a Summons with Notice that initiated a lawsuit against CIC in New York Supreme Court, Kings County. Their counsel emailed a copy of the document to CIC on July 31, 2019. CIC then timely removed the case to this court, on the basis of diversity jurisdiction, on August 27, 2019. *See* Docket Entry ("DE") 1. The plaintiffs never did anything after that to prosecute this case.

       On October 1, 2019, CIC filed a letter motion asking the court to schedule a conference. *See* DE 8. That same day, I ordered the plaintiffs to respond by October 4, 2019, but they did not do so. By order dated February 21, 2020, the court again directed the plaintiffs to respond to CIC's letter motion by March 6, 2020, directed their counsel to file a notice of appearance by the same date, and warned the plaintiffs that their continued failure to comply with court orders and to participate in

the litigation would result in the dismissal of their case for failure to prosecute and other sanctions. Once again, the plaintiffs did not respond. The court therefore dismissed the case for failure to prosecute and ordered the plaintiffs to reimburse CIC for its reasonable legal expenses. *See* Order dated March 9, 2020.

On March 24, 2020, CIC filed a declaration specifying the attorneys' fees and costs it had incurred, but it did not include a notice of motion, a memorandum of law, or supporting documentation. *See* DE 13-1 ("Decl. I"). By order dated April 13, 2020, the court directed CIC to cure those defects by May 11, 2020 and set a schedule thereafter for the plaintiffs to respond and for CIC to reply. In doing so, the court warned the plaintiffs that it would deem the motion unopposed if they did not respond. CIC filed its supplemental papers on May 6, 2020. *See* DE 14 (notice of motion); DE 14-1 (supporting memorandum) ("Memo."); DE 14-2 (counsel's supplemental declaration) ("Decl. II"). The court referred the matter to me by order dated May 7, 2020.[1] The plaintiffs never responded to the motion and CIC therefore did not have occasion to file a reply.

II. Discussion

  A. Attorneys' Fees

CIC seeks $11,160.50 in attorneys' fees, consisting of $9,440.50 in accrued fees and $1,720.00 in estimated fees. *See* Memo. at 3-4; Decl. II ¶¶ 7-9. Although this request is unopposed, the task of determining the amount of reasonable fees that may be awarded is committed to the court's discretion. *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993)); *see also Patino v.*

---

[1] Although the referral order was silent on the matter, I assume the court intended to refer the matter to me for a report and recommendation rather than for a decision. *See, e.g., LCS Grp., LLC v. Shire LLC*, 2019 WL 7824613, at *1 (2d Cir. Nov. 12, 2019) (explaining that absent the parties' consent, a magistrate judge may recommend but not decide a fee award).

*Avalon Bay Communities, Inc.*, 2016 WL 8677284, at *5 (E.D.N.Y. Jan. 8, 2016) (awarding sanctions and directing the defendant to submit a motion for reimbursement of attorneys' fees that the "Court will then make a determination as to the reasonableness of [such] expenses."); *Barney v. Edison*, 2010 WL 8497627, at *2 (E.D.N.Y. Jan. 29, 2010) (report and recommendation reviewing the defendant's unopposed application for attorneys' fee to determine whether it was reasonable), *adopted*, 2012 WL 911821 (E.D.N.Y. Mar. 16, 2012). As explained below, I conclude that CIC seeks a greater award than is reasonable under the circumstances.

Courts in this circuit assess fee applications using the "lodestar method," under which a reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997)). District courts have broad discretion, using "'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness'" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).

A reasonable hourly rate is the rate a "reasonable, paying client" would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (finding that a presumptively reasonable fee represents an approximation of what "a competitive market would bear"); *Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010) (stating that a presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks

omitted)). Courts in this district typically award fees using the following hourly rates: $300-$400 for partners, $200-$325 for senior associates, $100-$150 for junior associates, and $70-$100 for non-attorney professionals. *See Alvarez v. Sterling Portfolio Investment, LP*, 2017 WL 8790990, at *8 (E.D.N.Y. Dec. 13, 2017) (collecting cases).

CIC seeks compensation for its attorneys at the following hourly rates: $290 for partner and principal Jeremiah O'Leary ("O'Leary"), $250 for counsel Robert M. Wolf ("Wolf"), $225 for associate Edward Hagan ("Hagan"),[2] and $110 for paralegal assistant Janalina Lake-Santomero ("Lake-Santomero"). *See* Decl. I ¶ 4; Decl. II ¶ 8. CIC did not provide much biographical information to support these rates, but according to attorney registration records, Wolf was admitted to the New York bar in 1987 and Hagan was admitted to the New Jersey bar in December 2018. Based on this information and the prevailing rates generally awarded to attorneys and paralegals in this district, I conclude that the claimed rates for O'Leary and Wolf are reasonable but that the court should reimburse CIC for the work of Hagan and Lake-Santomero at the reduced hourly rates of $100 and $75, respectively. *See Luca v. Cnty. of Nassau*, 698 F. Supp. 2d 296, 305-06 (E.D.N.Y. 2010) (finding $275 hourly rate reasonable for partner with 20 years of experience but who functioned in "of-counsel role"); *Martinez v. City of New York*, 330 F.R.D. 60, 71 (E.D.N.Y. 2019) (awarding sanctions for discovery violations, including fees, and granting the plaintiff's requested hourly rate of $75 for work performed on paralegal matters but noting that "the average compensation rate for non-attorney support staff is $90 per hour in this district.") (collecting cases); *Burgie v. Euro Brokers, Inc.*, 2006 WL 845400, at *19 (E.D.N.Y. Mar. 30, 2006), *aff'd*, 2007 WL

---

[2] CIC occasionally renders attorney Hagan's last name as "Hagen." The correct spelling, based on public registration records and CIC's counsel's web site, appears to be "Hagan." *See* Attorney Search, *New Jersey Courts*, www.njcourts.gov (last visited July 20, 2020); *Finazzo Cossolini*, www.finazzolaw.com (last visited July 20, 2020).

4

1704178 (E.D.N.Y. June 12, 2007) (reducing counsel's hourly rate to $300 because the only biographical information she provided, which stated solely that she was a partner and principal, did not justify the requested rate of $390).

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *See Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010). Inadequate documentation is grounds for reduction of a fee award. *See Hensley*, 461 U.S. at 433; *Levy v. Powell*, 2005 WL 1719972, at *6 (E.D.N.Y. July 22, 2005).

CIC seeks reimbursement for a total of 38.2 hours of work including 13.3 hours by O'Leary, 15.8 hours by Wolf, 5.5. hours by Hagan, and 3.6 hours by Lake-Santomero. *See* DE 14-3 (billing records). CIC supports that request with detailed contemporaneous billing records that appear reasonable, in that they do not describe duplicative efforts or other substantial inefficiencies. I therefore respectfully recommend that the court order the plaintiff to reimburse CIC for those hours. CIC also seeks compensation for an estimated six additional hours of work by Wolf and two hours of "paralegal time" for preparing its attorneys' fees motion. *See* Decl. II ¶ 8. Because CIC fails to provide contemporaneous time records to support that component of its request, I respectfully recommend that the court deny it. Accordingly, I respectfully recommend an award of fees as summarized in the following table.

| Professional | Hourly Rate Requested | Adjusted | Hours Requested | Total |
|---|---|---|---|---|
| O'Leary | $290 | $290 | 13.3 | $3,857.00 |
| Wolf | $250 | $250 | 15.8 | $3,950.00 |
| Hagan | $225 | $100 | 5.5 | $550.00 |
| Lake-Santomero | $110 | $75 | 3.6 | $270.00 |
| Total | | | 38.2 | $8,627.00 |

B. Costs

CIC seeks the reimbursement of the $400 it paid this court as a filing fee when it removed the case. The docket conclusively establishes that cost, and I therefore respectfully recommend an award of $400 in costs.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court award the defendant $9,027.00 in reasonable attorneys' fees and costs.

IV. Objections

Any objections to this Report and Recommendation is due by August 3, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
July 20, 2020

                                                 /s/
                                         James Orenstein
                                         U.S. Magistrate Judge